UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JOSE M. ROCHA, | ) | No. CV 10-3349-PSG (PLA) |
| Petitioner, | ) | |
| v. | ) | ORDER TO SHOW CAUSE RE: DISMISSAL OF SUCCESSIVE PETITION |
| E. GONZALEZ, | ) | |
| Respondent. | ) | |

Petitioner initiated this action on May 3, 2010, by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), in the United States District Court for the Eastern District of California. The case was transferred to this Court on May 5, 2010. The instant Petition challenges petitioner's 1998 conviction in the Los Angeles County Superior Court for selling and possessing a controlled substance for sale. It was also found true that he had two prior convictions for serious or violent felonies. Petitioner received a sentence of twenty five years to life. (Petition at 1).

The Court observes that on October 25, 1999, petitioner filed an earlier habeas petition in this Court, Case No. CV 99-11180-CM (EE), in which he also challenged his sentence of 25 years to life after he was convicted of selling and possessing a controlled substance and after he admitted to two prior felony convictions. The 1999 petition was dismissed on the merits with

prejudice pursuant to the Judgment entered on March 14, 2001. (See Report and Recommendation of United States Magistrate Judge and Judgment in Case No. CV 99-11180-CM (EE)).

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S.Ct. 1793 (2003). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 1999 federal habeas challenge, petitioner raised the claim that his 25-years-to-life sentence is grossly disproportionate to his crime and violates the Eighth Amendment's proscription against cruel and unusual punishment. (See Report and Recommendation, issued on January 31, 2001, at p. 2). As mentioned above, the action was dismissed on the merits and with prejudice. (See Order Accepting and Adopting Findings and Recommendations of United States Magistrate Judge and Judgment, both entered on March 14, 2001).

In the instant Petition, petitioner sets forth new claims -- i.e., his 1998 sentence was improperly enhanced by his 1986 conviction as to which he involuntarily pleaded guilty; he

1  received ineffective assistance of trial and appellate counsel; his prior plea conviction used to
2  enhance his 1998 sentence was constitutionally invalid; and the state courts improperly decided
3  the state habeas petitions he filed in 2009 -- that were not presented in the earlier federal habeas
4  action. (See Petition at 5-16, 18-22). However, although petitioner presents new claims in the
5  instant Petition, and even if these claims satisfied the AEDPA standards for filing a successive
6  petition (although it does not appear that they satisfy 28 U.S.C. § 2244(b)(2)(A), (B)), he
7  nevertheless is required to seek authorization from the Ninth Circuit before filing a successive
8  petition.[1] 28 U.S.C. § 2244(b)(3)(A). There is no indication that petitioner has obtained such
9  permission from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166
10 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals
11 before filing a second habeas petition). It therefore appears that the Court is without jurisdiction
12 to entertain the current Petition under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274
13 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization
14 from the court of appeals, consider a second or successive habeas application.'").
15 /
16 /
17 /
18 /
19 /
20 /
21 /
22 /
23 /
24 /
25 /
26 /
27 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
28     [1] Petitioner appears to acknowledge that the instant Petition is successive. (See Petition at 14).

Accordingly, petitioner is **ordered to show cause** why the instant Petition should not be dismissed as successive. Specifically, petitioner must submit to the Court **on or before May 17, 2010**, documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, and that the Ninth Circuit issued such an order. **Failure to respond by May 17, 2010, will result in the Court issuing a recommendation that the instant Petition be dismissed without prejudice.**[2] See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

DATED: May 7, 2010

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[2] In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.