UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOSE M. ROCHA,<br><br>               Petitioner,<br><br>     v.<br><br>E. GONZALEZ,<br><br>               Respondent. | No. CV 10-3349-PSG (PLA)<br><br>**REVISED ORDER DISMISSING PETITION AS SUCCESSIVE** |

On May 3, 2010, petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), in the United States District Court for the Eastern District of California. The case was transferred to this Court on May 5, 2010. The instant Petition challenges petitioner's 1998 conviction in the Los Angeles County Superior Court for which petitioner received a sentence of twenty five years to life. (Petition at 1). On October 25, 1999, petitioner filed an earlier habeas petition in this Court, Case No. CV 99-11180-CM (EE), in which he also challenged his 1998 conviction and sentence of 25 years to life. The 1999 petition was dismissed on the merits with prejudice pursuant to the Judgment entered on March 14, 2001.

On May 7, 2010, the Magistrate Judge issued an Order to Show Cause Re: Dismissal of Successive Petition, ordering petitioner to show cause no later than May 17, 2010, why the

Petition should not be dismissed as successive.[1] When it later came to the Court's attention that the May 7, 2010, Order to Show Cause had not in fact been sent to petitioner, the Magistrate Judge, on November 10, 2010, ordered that the Order to Show Cause be sent to petitioner, and that petitioner file a response no later than December 1, 2010. Petitioner filed a "Response to Order to Show Cause..." (the "Response") on December 8, 2010.

## DISCUSSION

The Petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). Pub. L. No. 104-132, 110 Stat. 1214 (1996). Therefore, the Court applies the AEDPA in its review of this action. See Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S. Ct. 1793 (2003). A second or subsequent petition for habeas corpus is not considered "successive" if the initial or prior petition was dismissed on a technical or procedural ground rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (holding that dismissal for failure to exhaust state remedies is not an adjudication on the merits). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

---

[1] In the May 7, 2010, Order to Show Cause, the Magistrate Judge also advised petitioner that if he wished to file a successive habeas application, he was required to file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit. The Magistrate Judge further advised petitioner that until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed without prejudice.

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

In his 1999 federal habeas challenge, petitioner raised the claim that his 25-years-to-life sentence is grossly disproportionate to his crime and violates the Eighth Amendment's proscription against cruel and unusual punishment. (See Report and Recommendation in Case No. CV 99-11180-CM (EE), issued on January 31, 2001, at p. 2). As mentioned above, the action was dismissed on the merits and with prejudice.[2] (See Order Accepting and Adopting Findings and Recommendations of United States Magistrate Judge and Judgment, both entered on March 14, 2001).

In the instant Petition, petitioner sets forth four claims, none of which were presented in his 1999 federal habeas action. (See Petition at 5-16, 18-22). Specifically, petitioner claims: (1) his 1998 sentence was improperly enhanced by his 1986 conviction as to which he involuntarily pleaded guilty; (2) he received ineffective assistance of trial and appellate counsel; (3) his prior plea conviction used to enhance his 1998 sentence was constitutionally invalid; and (4) the state courts improperly decided the state habeas petitions he filed in 2009. (See Petition at 5-16, 18-22).

Even if petitioner's claims in the instant Petition satisfied 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), and it does not appear that they do, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). There is no indication in the instant Petition, or in the overall record, that petitioner has obtained such authorization from the Ninth Circuit. See Burton v. Stewart, 549 U.S.

---

[2] In his Response, petitioner states his incorrect belief that his 1999 petition was dismissed without prejudice. (See Response at 2).

147, 127 S. Ct. 793, 796, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition).

In the May 7, 2010, Order to Show Cause Re: Dismissal of Successive Petition, the Magistrate Judge advised petitioner that a review of his Petition indicated that it was successive, and he was ordered to show cause why his Petition should not be dismissed on that basis. Petitioner was further advised that unless he submitted documentation showing that he filed a motion in the Ninth Circuit for an order authorizing the District Court to consider a successive petition **and that the Ninth Circuit issued such an order**, the Petition would be dismissed without prejudice. In the November 10, 2010, Order, petitioner was warned that his failure to respond to the May 7, 2010, Order to Show Cause may result in the Petition being dismissed.

Here, although petitioner in his Response acknowledges the Magistrate Judge's advisement that the Petition would be dismissed unless petitioner showed that he received an order from the Ninth Circuit authorizing the Court to consider a second or successive petition, he has not shown that the Ninth Circuit issued such an order or that he even applied for such an order.[3] Thus, the Court concludes that it is without jurisdiction to entertain the Petition under 28

---

[3] Petitioner cites In re Cain, 137 F.3d 234 (5th Cir. 1998), in which the Fifth Circuit held that a petitioner did not need the Court of Appeals' permission to file two petitions that it deemed not successive within the meaning of 28 U.S.C. § 2244. The petitioner in Cain, whose previous federal petition challenging his state conviction had been denied, sought leave to file two habeas petitions challenging the constitutionality of disciplinary proceedings in which his good-time credits had been revoked. Cain, 137 F.3d at 235. In finding the subsequent petitions not successive, the Fifth Circuit noted that, unlike in his original petition, the petitioner was attacking the administration of his sentence, rather than the validity of his conviction or his sentence. The Fifth Circuit further noted that the claims in the subsequent petitions could not have been raised in the original petition, as the original petition had been filed "before he was stripped of his good-time credits." Id. at 236. The Cain court held that under such circumstances, "Congress did not intend for the interpretation of the phrase 'second or successive' to preclude federal district courts from providing relief for an alleged procedural due process violation relating to the administration of a sentence of a prisoner who has previously filed a petition challenging the validity of his conviction or sentence, but is nevertheless not abusing the writ." Id. at 236-37.

Cain is inapplicable here because the instant Petition challenges the constitutionality of petitioner's conviction and sentence, rather than the administration of petitioner's sentence, and contains claims that likely could have been raised in the original petition. Accordingly, petitioner was required under 28 U.S.C. § 2244(b)(3)(A) to receive leave from the Ninth Circuit before filing a second or successive petition with this Court.

4

U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, the Court finds that dismissal of the instant Petition is appropriate as it is successive, and petitioner has not provided any documentation to this Court showing that he received authorization from the Ninth Circuit to file a successive petition.

## ORDER

It is hereby **ORDERED** that judgment be entered dismissing the Petition without prejudice as successive.

DATED:12/15/10

HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE